

**ORDERED in the Southern District of Florida on September 08, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO.:08-29828-EPK** |
| **HYGENS LABIDOU and** | **CHAPTER 7** |
| **YOLENE MARIE DURANDIS,** | |
| Debtors. _____/ | |
| **GERALD J. TOBIN,** | **ADV. NO.: 09-01287-EPK** |
| Plaintiff, | |
| v. | |
| **HYGENS LABIDOU and** | |
| **YOLENE MARIE DURANDIS,** | |
| Defendants. _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER came before the Court on May 28, 2009 upon the filing of the *Plaintiff's Motion for Summary Judgment as to Counts 4 and 5 of Plaintiff's Complaint Objecting to*

*Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523* (the "Motion for Summary Judgment") [DE 17].

Gerald J. Tobin (the "Plaintiff") asks the Court to rule that his claims against Hygens Labidou and Yolene Marie Durandis (together, the "Debtors") are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and 532(a)(4) based on a Florida state court final default judgment obtained by Plaintiff against the Debtors and others. The Plaintiff's state court judgment arose from a multi-count complaint. One count stated in the state court complaint could result in claims excepted from discharge in this bankruptcy case. The state court judgment states a general award of damages without specific findings relating to the separate counts of the state court complaint. It is impossible to tell whether any part of the damages awarded in the state court judgment were attributed to a claim excepted from discharge in this bankruptcy case. Because this Court cannot determine that a potentially non-dischargeable claim stated in the state court complaint was a "critical and necessary part" of the state court judgment, the issues determined by the state court judgment are not accorded issue preclusive effect in this adversary proceeding. As a result, and for the foregoing reasons, the Motion for Summary Judgment is denied.

## Procedural Background

On December 24, 2008, the Debtors commenced a chapter 7 case by filing a voluntary petition with this Court.

On March 27, 2009, Plaintiff filed a *Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523* (the "Complaint") [DE 1], initiating this adversary proceeding against the Debtors. The Complaint contains six (6) counts. Counts 1 through 3 seek denial of the Debtors' discharge under multiple subsections of

11 U.S.C. § 727. Counts 4 through 6 seek a determination of the non-dischargeability of a debt under multiple subsections of 11 U.S.C. § 523.

On May 28, 2009, Plaintiff filed his Motion for Summary Judgment. The Motion for Summary Judgment concerns only Counts 4 and 5 of the Complaint, the counts addressing 11 U.S.C. §§ 523(a)(2)(A) (fraud) and 523(a)(4) (larceny).

On June 2, 2009, the Court issued an *Order Setting Briefing Schedule on Plaintiff's Motion for Summary Judgment as to Counts 4 and 5 of Plaintiff's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523* (the "Order Setting Briefing Schedule") [DE 21].[1]

On June 22, 2009, the Debtors filed *Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment* [DE 24], and on July 2, 2009, the Plaintiff filed *Plaintiff's Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment as to Counts 4 and 5 of Plaintiff's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523* [DE 29].

---

[1] Among other things, the Order Setting Briefing Schedule required the Plaintiff and Debtors to file a Joint Stipulation of Facts on or before June 22, 2009. The Plaintiff and Debtors never filed a Joint Stipulation of Facts. On June 22, 2009, the Plaintiff filed a *Unilateral Stipulation of Facts (As to Plaintiff's Motion for Summary Judgment as to Counts 4 and 5 of Plaintiff's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523*) (the "Unilateral Stipulation of Facts") [DE 25]. In the Unilateral Stipulation of Facts, Plaintiff alleges that counsel for the Debtors failed to respond to multiple communications from counsel for the Plaintiff in an effort to prepare and submit the required joint stipulation. *See* Unilateral Stipulation of Facts, Note 1. That the parties failed to stipulate to any facts in connection with this matter suggests that there are indeed material facts in dispute, bolstering the Court's ruling that summary judgment is not appropriate.

**State Court Litigation**

On December 9, 2004, the Plaintiff filed a complaint (the "State Court Complaint") against the Debtors and others commencing an action (the "State Court Action") in the Miami-Dade County Circuit Court. The State Court Complaint included three counts. The first count was for breach of an oral contract, alleged that the Plaintiff suffered damages in the amount of "at least" $40,000, and requested such amount and "any other relief the court deems appropriate under the facts and circumstances herein." The second count was for fraud. The third count was for conversion.

It appears that the Debtors participated in the State Court Action in the beginning but eventually discontinued their defense. On or about July 16, 2008, the state court conducted a jury trial, and on July 16, 2008 a verdict form was filed in the State Court Action. The verdict form awarded damages in the amount of $91,540. On July 16, 2008 the state court entered its Default Final Judgment against the Debtors (and others) for $93,821.55, reflecting the verdict of $91,540 plus $2,281.55 in court costs. The Default Final Judgment provides, in pertinent part, as follows:

> This action was heard after entry of Default against the Defendants, IMPACT ROOFING, INC., a Florida corporation; MARIE DURANDIS, an individual; MARIE DURANDIS, an individual; HIGGINS LABIDOU, an individual; and LOUIS LABIDOU, an individual and
>
> IT IS ORDERED and ADJUDGED that Plaintiff, GERALD J. TOBIN, 2701 South Bayshore Drive, Suite 602, Miami, Florida 33133 recover from the Defendants, IMPACT ROOFING, INC., a Florida corporation, c/o Louis Labidou, 1826 Wisteria Street, Wellington, Florida 33414; MARIE DURANDIS, an individual, 1826 Wisteria Street, Wellington, Florida 33414; MARIE DURANDIS, an individual, 1015 Loxahatchee Drive, West Palm Beach, Florida 33414; HIGGINS LABIDOU, an individual, 1826 Wisteria Street, Wellington, Florida 33414; and LOUIS LABIDOU, an individual, 1826 Wisteria Street, Wellington, Florida 33414 in the sum of $91,540 in principal and $2,281.55 in Court costs for the total sum of $93,821.55 for all of which let execution issue and which sum shall bear interest at a rate of 11% per year.

**Discussion**

In his Motion for Summary Judgment, the Plaintiff seeks a determination that the obligation represented by the Default Final Judgment is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).  Section 523(a)(2)(A) provides that a discharge in a chapter 7 case does not discharge an individual debtor from any debt for money to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.  Section 523(a)(4) provides that a discharge in a chapter 7 case does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.  In each case, the Plaintiff asks the Court to rule that the issues determined in the Default Final Judgment entered in the State Court Action have issue preclusive effect in this adversary proceeding.

*Standard for Summary Judgment*

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323.  A moving party discharges its burden on a

motion for summary judgment by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

The party opposing the motion for summary judgment may not rest upon mere allegations or denials of the pleadings. After the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 324; *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v.Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2] By its very terms, the standard for summary judgment provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247-48. A dispute about a material fact is "genuine" if the "evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Id*. at 248.

*Standard for Collateral Estoppel*

Collateral estoppel, or issue preclusion, bars re-litigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in the earlier case. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993) (*citing Allen v. McCurry*, 449 U.S. 90, 95

---

[2] Fifth Circuit decisions entered before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pricard*, 661 F.2d 1206 (11th Cir. 1981).

(1980)). Collateral estoppel applies in dischargeability actions. *Id.* (*citing Grogan v. Garner,* 498 U.S. 279 (1991))).

If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect. *Id.* at 675-76 (*citing In re Touchstone,* 149 Bankr. 721, 725 (Bankr. S.D. Fla. 1993)). Under Florida law, the following elements must be established to invoke collateral estoppel: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *Id.* (citations omitted).

**Analysis**

*A.    Identity of Issues*

The Plaintiff alleges that two counts presented in the Complaint before this Court – for fraud and larceny – are identical to counts for fraud and conversion addressed in the State Court Complaint and the Default Final Judgment. An issue in a dischargeability action is sufficiently "identical" to an issue in a state proceeding if the elements of the issue in the state proceeding "closely mirror" the requirements for proof in the bankruptcy action. *In re St. Laurent*, 991 F.2d at 676. The fraud action plead in the State Court Complaint is sufficiently similar to fraud under Section 523(a)(2)(A) to satisfy this test. However, the conversion action plead in the State Court Complaint is not sufficiently similar to larceny under Section 523(a)(4) to meet this standard.

*1.    Fraud*

The second count of the State Court Complaint alleged fraud. To prove fraud under Florida law, a plaintiff must establish that the defendant made a "deliberate and knowing

misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." *First Interstate Dev. Corp. v. Ablanedo,* 511 So. 2d 536, 539 (Fla. 1987). To demonstrate that a claim of fraud is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), a plaintiff must demonstrate that "(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation." *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998)). The elements of common law fraud in Florida "'closely mirror' the requirements of section 523(a)(2)(A) and, hence, are 'sufficiently identical … to meet the first prong of the test for collateral estoppel.'" *In re St. Laurent*, 991 F.2d at 676 *(citing In re Jolly,* 124 B.R. 365, 367 (Bankr. M.D. Fla. 1991).

    2.    *Larceny*

The third count of the State Court Complaint alleged conversion. Under Florida law, conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*citing Thomas v. Hertz Corp.,* 890 So. 2d 448, 449 (Fla. 3d DCA 2004). This tort "may occur where a person wrongfully refuses to relinquish property to which another has the right of possession," and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Id.* (*citing Seymour v. Adams,* 638 So.2d 1044, 1047 (Fla. 5th DCA 1994) (citations omitted)).

One may prove conversion under Florida law without showing specific intent to deprive another of property. *City of Cars, Inc. v. Simms*, 526 So. 2d 119, 120 (Fla. 5th DCA 1988) ("[a]ny act of a person in asserting a right of dominion over a chattel which is inconsistent with

the right of the owner and deprives the owner of the right of possession to which the owner is entitled may constitute a conversion, whether the act is accomplished with, or without, any specific wrongful mental intent"); *Cimar Marcy, Inc. v. Monteiro Da Costa*, 508 So. 2d 1282, 1283-84 (Fla. 3d DCA 1987) ("tort [of conversion] may be established upon showing of taking by defendant of personal property belonging to plaintiff upon mistaken belief as to legal right of defendant to converted property"); *Stearns v. Landmark First Nat'l Bank,* 498 So. 2d 1001, 1002(Fla. 4th DCA 1986) ("knowledge or intent is *not* a necessary element of a cause of action for conversion"); *Eagle v. Benefield-Chappell, Inc.,* 476 So. 2d 716, 718 (Fla. 4th DCA 1985 ("[l]iability for conversion does not require proof of knowledge or intent to deprive one of his property"); *Klein v. Newburger, Loeb & Co.,* 151 So. 2d 879 (Fla. 3d DCA 1963) (concluding without discussion that a party who came into possession of stock certificates through mistake or inadvertence could be guilty of conversion).

Section 523(a)(4) uses the word "larceny" and not "conversion." Larceny is not defined in the Bankruptcy Code itself. For the elements of larceny, this Court must look to federal common law. *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173, 179 (Bankr. D. Colo. 2004) (citations omitted). To demonstrate a claim of larceny under 11 U.S.C. § 523(a)(4), the plaintiff must prove that the debt at issue arose from the "fraudulent taking and carrying away of property of another with intent to convert such property to his use without consent of another." *McCulloch v Smith (In re Smith)*, 381 B.R. 398 (Bank. M.D. Fla. 2007). Larceny is sometimes described as a "felonious taking of another's personal property with the intent to convert it or deprive the owner of the same." *In re Langworthy*, 121 B.R. 903, 907 (Bank. M.D. Fla. 1990) (*citing Black's Law Dictionary*, 5th Ed.). Proof of intent to convert is an element of federal

common law larceny. *In re Lynch*, 315 B.R. at 181 (Bankr. D. Colo. 2004) ("the requisite mental state required to establish a claim for larceny is 'animus furandi' or intention to steal").

Intent is not a required element of conversion under Florida law. Proof of larceny within the meaning of 11 U.S.C. § 523(a)(4) requires proof of intent. Consequently, the claim for conversion in the State Court Complaint is not sufficiently similar to the larceny claim stated in the Complaint in this case to satisfy the first prong of the test for collateral estoppel.

### B. *Actually Litigated*

It appears that the Debtor initially participated in the State Court Action, but eventually abandoned defense of the action, and the state court held a jury trial without input from the Debtors. The jury trial resulted in the Florida court's Default Final Judgment. Nevertheless, even "[a] pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the 'actually litigated' element of collateral estoppel under Florida law." *Hernandez v. Nunez (In re Nunez)*, 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008) (citations omitted). The Default Final Judgment entered in the State Court Action satisfies this second prong of collateral estoppel under Florida law.

### C. *Critical and Necessary Part of Prior Determination*

The Florida court entered a Default Final Judgment in the amount of $91,540 plus costs. There is nothing in the record to inform this Court what portion of the Florida verdict, if any, the jury attributed to each of the three counts stated in the State Court Complaint. The State Court Complaint stated damages of "at least" $40,000 for the breach of contract action, a claim clearly dischargeable in this chapter 7 case. It is possible the jury looked to that count alone for the entire amount of its verdict. This Court cannot determine that the potentially non-dischargeable

fraud count in the State Court Complaint was a "critical and necessary part" of the Default Final Judgment, because it is possible that none of the amount awarded is allocable to the fraud claim.

Where the complaint in a prior proceeding contains multiple causes of action, but the final judgment awards only a single monetary amount without designating the cause of action to which the award relates or specifying a basis for the award, it cannot be known whether any particular cause of action was "essential" to the final judgment. *Dimmitt & Owens Fin., Inc. v. Green (In re Green)*, 262 B.R. 557, 567 (Bankr. M.D. Fla. 2001). As a result, the Default Final Judgment does not satisfy the third prong of the Florida collateral estoppel test and this Court cannot give preclusive effect to the issues determined by the Default Final Judgment.

  D. *Standard of Proof At Least as Stringent*

In order to apply issue preclusion, the standard of proof in the earlier litigation must be at least as stringent as that employed in the later litigation. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 677 (11th Cir. 1993).

The standard of proof in all dischargeability proceedings under Section 523(a) is the "ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 291 (1991). The standard of proof in a fraud action in Florida is a preponderance or greater weight of the evidence standard. *Wieczoreck v. H & H Builders, Inc.,* 475 So. 2d 227, 228 (Fla. 1985). The Florida Supreme Court uses the phrase "greater weight of the evidence" interchangeably with "preponderance of the evidence." *Id.* The standard of proof in a conversion action in Florida is preponderance of the evidence. *Small Business Admin. v. Echevarria*, 864 F. Supp. 1254, 1265 (S.D. Fla. 1994) (citing, among other cases, *Sharps v. Sharps,* 214 So. 2d 492 (Fla. 3d DCA 1968)). Thus, the evidentiary burdens for fraud and conversion under Florida law are the same

as for actions under Section 523(a).  This satisfies the fourth prong of the Florida test for issue preclusion.

## Conclusion

Because the State Court Complaint includes multiple counts for relief but the Default Final Judgment states a general monetary award, this Court is unable to determine that any cause stated in the State Court Complaint was critical and necessary to the Default Final Judgment.  As a result, the issues determined by the Default Final Judgment may not be accorded preclusive effect in this adversary proceeding.  For the foregoing reasons, it is ORDERED AND ADJUDGED that the *Plaintiff's Motion for Summary Judgment as to Counts 4 and 5 of Plaintiff's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability of Debt Pursuant to 11 U.S.C. § 523* [DE 17] is DENIED.

###

Copies Furnished To:

Spencer Gollahon, Esq.

Zach B Shelomith, Esq.

U.S. Trustee